IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv752-WKW |
| | ) | |
| CITY OF MONTGOMERY | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the undersigned Magistrate Judge upon Plaintiff's filing of a Complaint, as amended.  Compl. (Doc. #1) at 1.  For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that the Court DISMISS Plaintiff's Complaint, as amended, without any further opportunity for amendment and prior to service, because this Court lacks subject matter jurisdiction.

**I.     BACKGROUND**

On August 22, 2007, Plaintiff Georgia Patterson (Patterson) filed suit in this Court seeking monetary relief for injuries suffered when she fell out of a chair.  Compl. (Doc. # 1) at 1-2.  Pursuant to 28 U.S.C. § 636(b)(1), the Honorable W. Keith Watkins, District Judge, referred this case to the undersigned for all pretrial proceedings and entry of any orders or recommendations as may be appropriate.  Order of August 28, 2007 (Doc. #3). The Magistrate Judge granted Patterson permission to proceed *in forma pauperis*, but

stayed further proceedings on her Complaint, because it was evident the Complaint suffered from insurmountable defects.  Order of September 2, 2007 (Doc. #4).

Specifically, the initial Complaint – neither sworn nor notarized – did not specify any federal cause of action or other basis for federal jurisdiction.  Rather, it merely asserted that Patterson sustained injuries preventing her from working when she fell from a chair and that the City of Montgomery should pay her medical bills.  Patterson further claimed she was not treated fairly in the Circuit Court of Montgomery, Alabama.  Compl. (Doc. #1) at 1-2.

The undersigned ordered Patterson to file an amended complaint specifying the wrongful act committed by Defendant, including the date and place of the wrongdoing, the federal statute or constitutional provision that was violated by each act of wrongdoing, and the specific injury or damage to Patterson as a result of each act of wrongdoing.  Order of September 4, 2007 (Doc. #4) at 1-2.  The undersigned also demanded Patterson explain her statement concerning the Circuit Court of Montgomery.  Id.  In response, Patterson filed an Amended Complaint (Docs. #7) which added two Defendants, Globe Business Furniture of TN, Inc. (Globe), and Groupe Lacasse, Inc. (Groupe).  Amended Compl. (Doc. #7) at 1.  The Amended Complaint, however, did not specify any federal cause of action or other basis for federal jurisdiction.  It merely explained that on March 8, 2005, Patterson fell off a broken chair, which allegedly is a Globe product, in a Montgomery public library, "severely and permanently" injuring her back.  Id. at 2.  The

2

injury, Patterson, claims has caused physical pain and emotional suffering, requires surgery, and has prevented her from working. Id. at 2-3. Patterson, however, did not explain her statement concerning the Circuit Court of Montgomery.

The Court again ordered Patterson to explain the meaning of her statement with regards to the Circuit Court of Montgomery. Order of October 11, 2007 (Doc. #8). In particular, the Court demanded Patterson explain whether she previously brought suit in the Circuit Court of Montgomery involving the same claim(s) and the same Defendants. The undersigned further demanded Patterson explain the status or result of any litigation in that court. In response, Patterson filed a Second Amended Complaint (Doc. #9), removing Globe and Groupe as Defendants.[1] The Second Amended Complaint did not respond to the Court's Order of October 11, 2007, nor did Patterson set forth any federal cause of action or other basis for federal jurisdiction. Sec. Amended Compl. (Doc. #9).

Because Patterson is proceeding *in forma pauperis*, the Court is required under the provisions of 28 U.S.C. § 1915(e)(2)(B) to dismiss a case at any time if it determines that the action or appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief

---

[1] The undersigned interprets Patterson's omission of Groupe and Globe as an intentional, voluntary termination of those companies from this action. The Court's recommendation would not change, however, to the extent that Groupe and Globe remained as named Defendants in the action. Diversity of jurisdiction would not exist, as Patterson and the City of Montgomery are citizens in same state. 28 U.S.C. § 1332(a)(1); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading section 1332(a)(1) to require complete diversity between all plaintiffs and all defendants); Triggs v. John Crump Toyota Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("[E]very plaintiff must be diverse from every defendant."). And, as explained infra, no colorable federal claims has been set forth.

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court also at any time *sua sponte* review whether it possesses subject matter jurisdiction over Patterson's claims.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409-11 (11th Cir. 1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction); Employers Mut. Cas. Co. v. Evans, 76 F. Supp. 2d 1257, 1259 (N. D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); see also Insur. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982).  The Court now addresses its recommendation.

### III.  DISCUSSION

The undersigned recommends the Court dismiss Patterson's Complaint without prejudice because this Court lacks subject matter jurisdiction.  Federal courts are courts of limited jurisdiction.  Federal district courts are empowered to hear cases only by express congressional grants of jurisdiction.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d at 409-10.  Therefore, to invoke the jurisdiction of such courts a complaint must affirmatively and distinctly allege the statutory basis for the jurisdiction.  Cuyhoga River Power Co. v. N. Ohio Traction & Light Co., 252 U.S. 388, 397 (1920) (stating that a case "cannot be made in a federal court unless there be involved a federal question, and a federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect"); 2 J. Moore *et al.*, Moore's Federal Practice § 8.03[1] (3d ed. 2006);

5 C. Wright & A. Miller, Federal Practice and Procedure:  Civil 2d. § 1206 (2005 & Supp. 2006); see also e.g., McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Kirkland Masonry v. Comm'r of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1989) (per curiam).  A plaintiff can, for example, assert either diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, or federal-question jurisdiction, 28 U.S.C. § 1331, *if* the evidence she has supports such jurisdiction.  Patterson's Complaint fails to do either, and it is evident from her Second Amended Complaint that jurisdiction cannot be established.  She asserts, essentially, a personal injury claim against the City of Montgomery for injuries sustained when she fell from a chair in a city library, a claim which belongs in state court to the extent it belongs anywhere.  Patterson's Second Amended Complaint therefore should be dismissed before service on the City of Montgomery because no federal jurisdiction exists over Patterson's claims.

**III.    CONCLUSION**

For the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Patterson's Complaint be DISMISSED without any further opportunity for amendment and prior to service of process because the Court lacks subject matter jurisdiction over Patterson's claims.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before November 6, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 24th day of October, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE